NEW-YORK.
Sept, 1822.

The People,
vs.
Mary Wil-
liams.

_____

In Larceny of wearing apparel of the wife, she is the best evidence the case admits of, although the property belongs to the husband.

The People, vs. Mary Williams.    Petit Larceny.

MARY WILLIAMS was brought up for trial, charged with stealing from the dwelling house of George M'Intyre, a Silk Shawl, Dimity Petticoat, and several other articles to wearing apparel.

The facts in evidence appeared by the testimony of Mrs. M'Intyre, the prosecutor, that Mary Williams came to live in the house of George M'Intyre, her husband, at No. 14, Cross-street, on the 16th of August, 1822, and went away on the 19th of the same month, taking the articles mentioned in the indictment along with her. She went to the pown-broker's office kept by Mrs. Willess, in Chatham-street, and sold them. She was afterward taken; the articles identified; and the prisoner committed.

*Price*, counsel for the prisoner, submitted to the Court whether there was sufficient testimony against her: *The evidence not being the best the nature of the case admits of:* for "perhaps the husband, whose testimony has not been "introduced, gave the prisoner the articles"—"perhaps he "sold them to her:" the affirmative in either case would prove his client innocent: it was therefore important that the testimony of the husband to whom the articles belonged, should be given to the Jury. No such testimony has been offered: the husband has not shown his face before the Court: the Jury therefore ought to acquit the prisoner.

*Maxwell, District Attorney*, declined answering the objections made by Price.

*By the Court.* "There is certainly no weight in the

" objections made by the prisoner's counsel: they cannot
" be sustained. What kind of articles are those enumera-
" ted in this indictment ? Are they not women's wearing
"apparel ? And are they not more familiar to the wife
" than the husband ? And would not she be the most
" proper person to identify and prove them ? It is unrea-
" sonable to suppose in the absence of proof, that the hus-
" band should sell his wife's clothes; and still more un-
" reasonable that he should give them away."

NEW-YORK, Sept. 1822.

The question was put to rest by the witness observing that her husband had been absent to Russia more than a year. It was therefore impossible as the Court observed, that he could have given or sold them to the prisoner.

*Price* then attempted to show that George M'Intyre was not the husband of the prosecutor: he proved, by answers elicited from her, that she had been several times married and had passed under different names; but failed to show that she had not been lawfully married to her present husband.

The Jury found the prisoner guilty, and recommended her to the mercy of the Court.